# UNITED STATES DISTRICT COURT
## Eastern District of Texas
### Sherman Division

| | | |
|---|---|---|
| **David Dickens**, individually and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**J. G. Wentworth Home Lending LLC,**<br><br>Defendant | §§§§§§§§§§§§ | CA No: 4:17-cv-642-ALM-KPJ<br><br>Jury Demanded |

### Plaintiff's First Amended Collective Action Complaint

David Dickens ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Defendant J.G. Wentworth Home Lending LLC ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other Class Members as "Loan Officers" whose primary job duties involved selling Defendant's loan products to individuals over the telephone.

    1.3. Defendant paid Loan Officers an hourly rate and a commission. If the commission for the pay period was greater than the hourly rate pay, Plaintiff and the Loan Officers were not paid the hourly rate. They were solely paid the commission.

Thus, Defendant recaptured any minimum wage and/or hourly compensation owed to Plaintiff and other Loan Officers, which essentially resulting in Defendant paying them on a commission-only basis ("**Commission Basis**").

1.4. The hours worked by Loan Officers were not accurately tracked or counted towards total hours worked and no overtime was paid for these hours ("**Uncounted Hours Policy**"). Because Defendant did not accurately track and pay for all hours worked, including overtime hours, Defendant violated the FLSA by failing to pay Plaintiff overtime compensation for all hours worked in excess of 40 per workweek.

1.5. Defendant also violated the FLSA by failing to include all required remuneration into the regular rate of pay to calculate overtime for any overtime pay it managed to pay Plaintiff and the Class Members. The payments erroneously excluded from the regular rate of pay include, without limitation, commission and non-discretionary bonus pay ("**Additional Pay**"). Defendant's failure to include Additional Pay into Loan Officer's regular rate to calculate and pay overtime ("**Overtime Miscalculation Policy**") violated the FLSA.

2. **Parties.**

2.1. Plaintiff David Dickens worked for Defendant in Texas in the three years preceding the filing of this case. Defendant specifically employed Plaintiff as a Loan Officer from approximately December 2015 to approximately January 2017

in Plano, Texas. Plaintiff has already filed his consent to participate in this case with the Court.

2.2. Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("**Class Members**"). The Class Members consist of Defendant's current and former non-supervisory employees who were paid on a Commission Basis, who worked more than 40 hours in one or more workweek over the previous three years and whose job duties included selling Defendant's loan products over the telephone or internet. The Class Members include, without limitation, such job titles as "Loan Officer," "Mortgage Loan Officer," "Mortgage Banker," "Loan Originator," and other job titles performing the same or similar duties that received compensation on a Commission Basis.

2.3. Defendant J. G. Wentworth Home Lending LLC is a Virginia limited liability company that has already entered its appearance in this case.

3. **Jurisdiction and Venue.**

3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant carries on substantial business in the Eastern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

   4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

   4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

   4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including computer and telephone equipment, to sell Defendant's loan products over the telephone and the internet.

4.5. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

4.6. In part, because Plaintiff and the Loan Officers were paid hourly and on a Commission Basis, none of the "exemptions" to the FLSA apply.[1]

## 5. Factual Allegations.[2]

5.1. Defendant has had business operations throughout the United States, including in Texas and this Judicial District, during the three years prior to the filings of this lawsuit.

---

[1] Exemptions to the FSLA are affirmation defenses that must be pled by Defendant and not negated by Plaintiff in his Complaint. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)( "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof"); *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 332 (5th Cir. 2017). Plaintiff is not required to negate the affirmative defenses. *See Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("a plaintiff is not required to negate an affirmative defense in his complaint").

[2] Courts in this District have repeatedly determined that allegations similar to those provided below meet or exceed the liberal pleading standards of Rule 8(a). *Sandles v. Wright*, No. 1:12-cv-309, 2013 WL 5497788, at *9  (E.D. Tex. Oct. 3, 2013) ("Here, Sandles has alleged facts sufficient to place Wright on notice of her suit against him for failure to pay her the overtime and minimum wages required by the FLSA. Sandles alleges that she was employed by Wright, that she worked more than 40 hours in a week, and that she was not paid minimum wage or overtime in violation of the FLSA. These allegations, while not detailed, are sufficient to withstand dismissal.") (citing *McCollim v. Allied Custom Homes, Inc.*, No. H–08–3754, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009) (finding a similar complaint sufficient where the plaintiff alleged that she and others were misclassified as independent contractors rather than employees and that they should have been paid overtime for hours worked in excess of forty hours per week, in violation of the FLSA); *Satterwhite v. Texas Custom Pools, Inc.*, 2013 WL 5701376, at *2 (E.D. Tex. Oct. 18, 2013): (holding overtime and minimum wage claim allegations sufficient where Plaintiff claimed that "[d]uring one or more weeks of Plaintiff's employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek," and that "[d]uring the weeks in which Plaintiff worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiff one and one-half times his regular rate for each overtime hour worked.").

5.2. Plaintiff worked for Defendant as a Loan Officer for Defendant from approximately December 2015 to January 2017.

5.3. As a Loan Officer, Plaintiff's primary job duties consisted of selling Defendant's loan products to customers over the telephone and through the internet.

5.4. Plaintiff and other Loan Officers did not customarily and regularly make sales at their customer's home or place of business. Instead, Plaintiff and other Loan Officers regularly made sales over the phone or the internet.

5.5. Plaintiff worked over 40 hours per week. For example, in his first week of employment, which was the pay period ending on or about December 24, 2015, Plaintiff worked 43 hours. He was not paid any overtime for the week.

5.6. After his first week of employment Plaintiff worked the following Monday to Friday schedule: (1) 8:30 a.m. until 5:00 p.m., or 8.5 hours per day, without a lunch break at Defendant's offices; and (2) from 6:30 to 8:00 p.m. from home. Plaintiff also frequently worked weekends. Based on the above, Plaintiff estimates that after his first week of employment he worked between 50 and 70 hours per week, each week during his employment.

5.7. Defendant knew that Plaintiff worked in excess of 40 hours per workweek.

5.8. Defendant did not accurately track the hours worked by Plaintiff and the Class Members.

5.9. Instead of providing Plaintiff with overtime pay, Defendant paid Plaintiff on a Commission Basis, without overtime pay for his many hours of overtime work.

5.10.   Plaintiff is entitled to receive overtime pay for all hours he worked in excess of 40 hours per workweek.

5.11.   Defendant willfully failed to pay overtime to Plaintiff and the Class Members despite having awareness of the FLSA's overtime requirements. Class Members. Specific facts exposing that Defendant willfully violates/violated the FLSA include the fact that Defendant (1) instituted and enforced the Uncounted Hours Policy; (2) instituted and enforced the Overtime Miscalculation Policy; (3) failed to keep proper employment records for Plaintiff and the Class Members; and (4) failed to keep accurate time records for the hours worked by Plaintiff and the Class Members during their employment.[3]

## 6. Collective Action Allegations.

---

[3] *Sandoval v. Carrco Paint Contractors*, No. 16-cv-159, 2017 WL 2999425, at *4 (May 24, 2017) ("Additionally, 'an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime wages.'") (quoting *Perez v. T.A.S.T.E. Food Prod., Inc.*, No. 5:13-CV-655-DAE, 2014 WL 412327 at *5 (W.D. Tex. Feb. 3, 2014); *Bingham v. Jefferson Counnty, Texas*, No. 1:11-CV-48, 2013 WL 1312563, at *7 (E.D. Tex. Mar. 1, 2013) (citing *Elwell v. University Hospitals Home Care Services*, 276 F.3d 832, 844 (6th Cir. 2002) ("[A]n employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime. For example, the fact that an employer knowingly under-reported its employee's work hours could suggest to a jury that the employer was attempting to conceal its failure to pay overtime from regulators, or was acting to eliminate evidence that might later be used against it in a suit by one of its employees."); *Solano v. Ali Baba Mediterranean*, No. 3:15-CV-0555-G, 2016 WL 808815, at *5 (N.D. Tex. Mar. 2, 2016) (citations omitted); *Majchrzak v. Chrysler Credit Corp.*, 537 F. Supp. 33, 36 (E.D.Mich.1981) (finding willful violation of overtime provisions where company policy of not recording "compensation time" earned for working in excess of forty hours per week was "susceptible to abuse and indeed was abused herein"); *Marshall v. Sam Dell's Dodge Corp.*, 451 F. Supp. 294, 301 (N.D.N.Y.1978) ("The defendants' practice of knowingly maintaining inaccurate time records which greatly understated the number of hours worked by their sales personnel permits only one conclusion; i.e. the violations of the Act were willful.").

6.1. Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b).

6.2. The Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions. Plaintiff and the Class Members all sold Defendant's loan products to individuals over the phone. Plaintiff and the Class Members were also subjected to the same illegal pay provisions: the Uncounted Hours and Overtime Miscalculation Policies that failed to pay the Loan Officers (1) overtime for all hours worked in excess of 40 per workweek; and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.3. The pay policies for all Loan Officers were the same.

6.4. Defendant uniformly applied its pay policies to all Loan Officers.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiffs' experience is typical of the experience of the Class Members.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of

liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

7. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

    7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

    7.2. During the relevant time period, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law. *See e.g.* 5.11 *supra*.

8. **Jury Demand.**

    8.1. Plaintiff demands a trial by jury herein.


9. **Relief Sought.**

    9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
　　　Chris R. Miltenberger
　　　Texas Bar Number: 14171200

**Attorney-In-Charge**

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

-and-

JACK SIEGEL
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**Attorneys for Plaintiff**

### Certificate of Service

　　　The undersigned certifies that on October 10, 2017, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By:   */s/ Chris R. Miltenberger*
　　　Chris R. Miltenberger