UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **David Dickens**, individually and on behalf of all those similarly situated | § § § | |
| Plaintiff, | § § | CA No. 4:17-cv-642-ALM-KPJ |
| v. | § § | |
| **J.G. Wentworth Home Lending LLC,** | § § § | Jury Demanded |
| Defendant. | § § | |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S
FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant J.G. Wentworth Home Lending, LLC ("Defendant" or "JGW") files this Amended Answer to Plaintiff's First Amended Collective Action Complaint and avers the following:

**1.   Nature of Suit.**

1.1   DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

1.2   ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant employed Plaintiff as a Loan Officer.  All other averments are DENIED.  By way of further answer, it is specifically DENIED that this matter is appropriate for collective treatment.

1.3   ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant paid Plaintiff an hourly rate and, if earned, a commission.  All other averments are DENIED.

1.4   DENIED, including as a conclusion of law.

1.5   DENIED, including as a conclusion of law.

**2.    Parties.**

    2.1    ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant employed Plaintiff as a Loan Officer.  All other averments are DENIED.

    2.2    DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

    2.3    ADMITTED.

**3.    Jurisdiction and Venue.**

    3.1    DENIED, including as a conclusion of law.

    3.2    DENIED, including as a conclusion of law.

    3.3    DENIED, including as a conclusion of law.

**4.    Coverage.**

    4.1    DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

    4.2    DENIED, including as a conclusion of law.

    4.3    DENIED, including as a conclusion of law.

    4.4    DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

    4.5    DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

    4.6    DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

**5.    Factual Allegations.**

    5.1    ADMITTED.

  5.2 ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant employed Plaintiff as a Loan Officer.  All other averments are DENIED.

  5.3 ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant employed Plaintiff as a Loan Officer.  All other averments are DENIED.

  5.4 ADMITTED IN PART, and DENIED IN PART.  It is admitted that Defendant employed Plaintiff as a Loan Officer.  All other averments are DENIED.

  5.5 ADMITTED IN PART, and DENIED IN PART.  It is admitted that on at least one occasion, Plaintiff worked more than 40 hours in a work week.  All other averments are DENIED, including that Plaintiff was not properly compensated for all hours worked.

  5.6 DENIED.

  5.7 DENIED.

  5.8 DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

  5.9 DENIED.

  5.10 DENIED, including as a conclusion of law.

  5.11 DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

**6.** **<u>Collective Action Allegations.</u>**

  6.1 DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

  6.2 DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

  6.3 DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

6.4     DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

6.5     DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

**7.     Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1     Defendant incorporates in answer to the proceeding paragraphs as if set out herein.

7.2     DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

**8.     Jury Demand.**

8.1     Defendant demands a trial by jury herein.

**9.     Relief Sought.**

9.1     DENIED, including as a conclusion of law.  It is specifically DENIED that this matter is appropriate for collective treatment.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant incorporates by reference its responses to the foregoing paragraphs, and asserts the following separate and distinct affirmative and other defenses to Plaintiff's Amended Complaint and each cause of action alleged therein, without prejudice to its right to argue that Plaintiff bears the burden of proof as to some or all of them.

1.     As a first separate and distinct affirmative defense, Plaintiff's Amended Complaint fails to state a cause of action against Defendant upon which relief may be granted.

2. As a second separate and distinct affirmative defense, Plaintiff has failed to state any facts entitling this matter to proceed collectively under Section 216(b) of the FLSA, or to join the purported class member claims under the Federal Rules of Civil Procedure, or otherwise.

3. As a third separate and distinct affirmative defense, Plaintiff and the purported class have been paid everything they are owed under applicable law.

4. As a fourth separate and distinct affirmative defense, Plaintiff and the purported class's claims, or a portion thereof, are barred by any applicable limitations period.

5. As a fifth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207.

6. As a sixth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part insofar as the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 13(b)(1) of the FLSA.

7. As a seventh separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part by the provision of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the alleged actions or omissions were not a violation of the FLSA.

8. As an eighth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff and/or the purported class members

were engaged in activities which were preliminary or postliminary to their principal activities and/or otherwise excluded under the Act.

9. As a ninth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part as the time was *de minimis*.

10. As a tenth separate and distinct affirmative defense, Defendant at all times acted in good faith to comply with all applicable laws with reasonable grounds to believe that its actions did not violate any relevant statute, and Defendant asserts a lack of willfulness or intent to violate the FLSA and that no liquidated damages should be awarded.

11. As an eleventh separate and distinct affirmative defense, while Defendant denies that it owes any unpaid wages or other amounts to Plaintiff and the purported class, if it is determined that such monies are owed, Defendant asserts that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

12. As a twelfth separate and distinct affirmative defense, Defendant has met any and all legal obligations to Plaintiff and the purported class.

13. As a thirteenth separate and distinct affirmative defense, all or part of the time for which Plaintiff and/or any proposed class members seek compensation does not constitute work or compensable time for purposes of the FLSA.

14. As a fourteenth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a), (b).

15. As a fifteenth separate and distinct affirmative defense, Plaintiff has failed to join indispensable parties.

16. As a sixteenth separate and distinct affirmative defense, Plaintiff and the purported class's claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, payment and release.

17. As a seventeenth separate and distinct affirmative defense, Plaintiff is not similarly situated to any proposed class members, or to any other person or persons for the purposes of the FLSA.

18. As an eighteenth separate and distinct affirmative defense, Plaintiff and the purported class's claims, in whole or in part, are barred by the equitable doctrine of laches, waiver, judicial, collateral and equitable estoppel, and/or unclean hands.

19. As a nineteenth separate and distinct affirmative defense, Plaintiff and the purported class have failed to mitigate alleged damages.

20. As a twentieth separate and distinct affirmative defense, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff and the purported class for periods in which they were engaged to work.

21. As a twenty-first separate and distinct affirmative defense, the Amended Complaint, and each purported cause of action alleged therein, is barred to the extent the Plaintiff or any purported class member has waived and/or released Defendant from any claims he or she may have against it.

22. As a twenty-second separate and distinct affirmative defense, Plaintiff and the purported class's claims should be barred in whole or in part to the extent that they previously pursued, or participated in a lawsuit alleging, the same or similar claims against Defendant and were compensated for those claims.

23. As a twenty-third separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred to the extent that if Plaintiff or any purported class suffered any loss or damage, which Defendant denies, any such loss or damage was caused by their own conduct and not by any illegal conduct on Defendant's part.

24. As a twenty-fourth separate and distinct affirmative defense, some or all of the purported opt-ins are improperly joined.

25. As a twenty-fifth separate and distinct affirmative defense, Plaintiff and the purported class's claims are barred to the extent that they misperformed their respective duties or failed to perform those duties they were realistically expected to perform.

26. As a twenty-sixth separate and distinct affirmative defense, allowing this action to proceed as a collective or class action would violate Defendant's rights under the Seventh Amendment to the United States Constitution and under the Due Process Clause of the Fifth Amendment to the United States Constitution because liability may not be determined by a single jury on a class-wide basis.

27. As a twenty-seventh separate and distinct affirmative defense, Plaintiff has brought this action in the wrong venue.

28. As a twenty-eighth separate and distinct affirmative defense, Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. Defendant therefore reserves the right to assert additional defenses as may be appropriate.

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff and the purported class take nothing by the Amended Complaint, and the Amended Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiff and the purported class on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees;

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other and further relief, whether general or specific, either at law or in equity, as the Court may deem appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

BY: */s/ Colin D. Dougherty*
Colin D. Dougherty
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
Blue Bell, PA 19422-3001
Tel. (610) 397-6500 / Fax (610) 397-0450
cdougherty@foxrothschild.com

David Grant Crooks
Fox Rothschild LLP
Texas State Bar No. 24028168
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX  75240
Tel. (972) 991-0889 / Fax (972) 404-0516
dcrooks@foxrothschild.com

Brian A. Berkley
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Tel. (215) 299-2000 / Fax (215) 299-2150
bberkley@foxrothschild.com

Dated: November 16, 2017

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served via ECF on all parties receiving electronic notice in these proceedings pursuant to the Court's CM/ECF system on November 16, 2017.

                                     */s/ Colin D. Dougherty*
                                     Colin D. Dougherty

ACTIVE\51932424.v1-11/16/17